**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| FRANK M. SULLIVAN, III, p/k/a SURVIVOR, and JAMES PETERIK, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No.<br>) |
| v. | )<br>) |
| SONY MUSIC ENTERTAINMENT, | )<br>) |
| Defendant. | )<br>)<br>)<br>) |

## COMPLAINT

Frank M. Sullivan, III ("Sullivan") and James Peterik ("Peterik")(collectively "Survivor"), for their complaint against Sony Music Entertainment ("Sony") allege:

## NATURE OF THE CASE

1. This is an action for breach of contract and a declaratory judgment, arising from Sony's failure to properly account to and pay royalties to the plaintiffs, founding members of the musical group Survivor, with respect to master recordings of musical performances ("Survivor Masters"). Sony's failure to properly account to and pay royalties to Survivor is a material breach of a recording agreement between Sony and Survivor.

2. This action seeks damages for Sony's breach of contract, a declaratory judgment that Sony is obligated to pay Survivor royalties equal to fifty percent of Sony's net receipts from licensing of the Survivor Masters, and an

1

award of Survivor's attorneys' fees and costs incurred in connection with this action.

## PARTIES

3. Sullivan is a citizen of Illinois, domiciled in Palatine, Illinois.

4. Peterik is a citizen of Illinois, domiciled in Burr Ridge, Illinois.

5. Sony is a Delaware General Partnership, whose partners are citizens of Delaware and New York. Sony's principal place of business is located at 550 Madison Avenue, New York, New York.

## JURISDICTION AND VENUE

6. This Court has jurisdiction of the subject matter pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. The Court has jurisdiction of the plaintiffs' action for a declaratory judgment pursuant to 28 U.S.C. §§ 1331 and 2201.

7. Sony is subject to the personal jurisdiction of this Court pursuant to 735 ILCS 5/2-209, as it transacts and is doing business within the State of Illinois.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), as a substantial part of the events giving rise to this action occurred in this District, and Sony is subject to the personal jurisdiction of this Court, and therefore is deemed to reside in this District.

## FACTS

9. The musical band Survivor was formed in 1977, with Sullivan and Peterik as two of its founding members.

10. On or about November 7, 1978, Survivor entered into an exclusive recording agreement with Scotti Brothers Records, Inc., Sony's predecessor-in-interest. On or about June 6, 1983, Survivor entered into an amendment of the 1978 agreement with Scotti Brothers Industries, Inc., Scotti Brothers Records, Inc.'s successor and Sony's predecessor-in-interest. Hereinafter, the Scotti Brothers entities and Sony are collectively referred to as "Sony," and the 1978 agreement and the 1983 amendment are referred to collectively as the "Agreement."

11. Pursuant to the Agreement, Survivor created and recorded the Survivor Masters, which were delivered to Sony. Among the songs recorded were Survivor's blockbuster single "Eye of the Tiger," which won multiple awards and achieved number one status throughout the world, and other Survivor hits, including "High on You" and "The Search Is Over."

12. Sony thereafter manufactured, distributed, sold and licensed the Survivor Masters.

13. Pursuant to the Agreement, Sony agreed to account to and pay Survivor certain royalties in consideration for Survivor's creation and recording of the Survivor Masters. Specifically, the Agreement set forth royalty rates for Sony's sale of LPs, singles, and prerecorded tapes, ranging from five to ten percent of suggested retail list price. The Agreement further provided that the royalty payable to Survivor with respect to Survivor Masters licensed by Sony "for

all other types of use (other than phonograph record use) on a flat-fee or royalty basis shall be an amount equal to fifty percent (50%) of the net flat fee or net royalty, as the case may be" received by or credited to Sony.

14. Notwithstanding its obligations under the Agreement, Sony has failed to accurately account to and pay Survivor the appropriate royalties called for by the Agreement.

15. Sony has incorrectly reported to Survivor the quantity of products embodying the Survivor Masters sold or licensed, has incorrectly characterized the products sold or licensed, and has failed to pay Survivor the appropriate royalties for the products it has sold or licensed.

16. Sony has failed to properly account to and pay royalties to Survivor for Survivor Masters licensed to unaffiliated third-party music download providers, such as iTunes, amazon.com and others, which then distribute permanent music downloads, mastertones, and ringtones to consumers. Sony has further failed to properly account to and pay royalties to Survivor for Survivor Masters licensed to providers of digital music streaming services, such as Spotify, and video streaming services, such as YouTube. These licenses are for "other types of use (other than phonograph record use)," for which Sony is obligated to pay a 50 percent royalty to Survivor. "Eye of the Tiger" alone has been downloaded by consumers millions of times.

17. Sony has received payment or other compensation for each of these downloads of Survivor Masters licensed to third-party music download providers and providers of digital music and video streaming services, but failed

to account to and pay the appropriate royalty rate to Survivor for the downloads of the Survivor Masters. Instead, Sony has paid Survivor royalties on these downloads as if they were sales of records by Sony, and not licenses of the Survivor Masters to unaffiliated third parties, resulting in Sony paying Survivor only a fraction of the royalty payments to which Survivor is entitled. As a result of Sony's failure to pay Survivor the appropriate royalty rate for licenses for downloads and streaming of Survivor Masters, Survivor has been injured in an amount to be determined.

18.     On information and belief, Sony has received monetary and other consideration as the result of lawsuits or disputes from entities such as Napster, Grokster, Kazaa, and others, arising from those entities' unauthorized download, distribution and/or use of recordings, including the Survivor Masters. Sony has failed to account to or pay royalties to Survivor for the proceeds from these actions attributable to the Survivor Masters, despite Survivor's entitlement to such royalties. As a result, Survivor has been injured in the amount of such unaccounted for and unpaid royalties, in an amount to be determined.

19.     Furthermore, Sony has improperly charged and deducted from royalties due to Survivor certain promotion and marketing costs and expenses. Such costs and expenses are not properly chargeable to Survivor under the Agreement. Moreover, Sony has failed to substantiate these costs in any fashion.

20.     Survivor, through its agents, objected to Sony's improper accounting and payment of royalties, including those attributable to licenses of the Survivor Masters for digital downloads and streaming. Sony has disputed

Survivor's objection to the improper calculation of royalties. Indeed, a Sony representative threatened that in the event Survivor persisted in its objection, Sony would exercise what it termed "the nuclear option" – removal of the Survivor Masters from the songs licensed to iTunes for download by consumers, thereby wiping out that revenue stream altogether. By threatening "the nuclear option," Sony has conceded that its transaction with iTunes is a license subject to termination, and not a sale, of the Survivor Masters to iTunes. If it was a sale, Sony would have no right to demand return of the songs.

## COUNT I

## BREACH OF CONTRACT

1-20. Survivor realleges each allegation in paragraphs 1-20 above as paragraphs 1-20 of Count I.

21. The Agreement between Survivor and Sony is valid and enforceable.

22. Survivor has performed each of its obligations under the Agreement.

23. Sony has failed to perform its obligations under the Agreement in at least the following respects:

(a) Mischaracterizing as "sales" licenses to unaffiliated providers of permanent digital music downloads, digital music streaming services, and video streaming services, thereby reporting and paying only a fraction of the royalties rightfully due Survivor;

(b) Failing to account to and pay royalties to Survivor for payments or other consideration received by Sony as the result of lawsuits and

disputes against third parties for the unauthorized download, distribution, or sale of Survivor Masters; and

(c) Deducting from royalties payable to Survivor unauthorized and unsubstantiated charges for promotion and marketing.

Sony's failures to accurately account to and pay appropriate royalties to Survivor are a material breach of the Agreement.

24. As a result of Sony's material breach of the Agreement, Survivor has suffered substantial monetary damages in excess of $75,000, exclusive of interest and costs.

25. Furthermore, the Agreement provides that in the event of any action or suit between the parties arising from the Agreement, the prevailing party shall be entitled to recover from the other its attorneys' fees incurred in connection with the suit, in addition to costs. Accordingly, Survivor is entitled to its attorneys' fees and costs incurred in connection with this action.

## COUNT II

## DECLARATORY JUDGMENT

1-20. Survivor realleges each allegation in paragraphs 1-20 above as paragraphs 1-20 of Count II.

21. Survivor seeks a declaration that, pursuant to the Agreement, Sony is obligated to pay account to and pay royalties to Survivor equal to fifty percent (50%) of the net proceeds received by or credited to Sony derived from the use of Survivor Masters by providers of digital music downloads, digital music streaming and video streaming. Sony denies that it has any such obligation

7

under the Agreement, and further insists that it may deduct costs for promotion and marketing from any royalties payable to Survivor, despite the absence of any authorization for such deduction in the Agreement.

22. There is a present controversy between Survivor and Sony, for which Survivor has no adequate remedy at law and for which a declaratory judgment should be entered, that Sony is obligated to pay royalties to Survivor equal to fifty percent (50%) of the net proceeds received by or credited to Sony attributable to the use of Survivor Masters by providers of digital music downloads, digital music streaming and video streaming, and that such royalties are not subject to deductions for unsubstantiated promotion and marketing costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Sullivan and Peterik ask that the Court enter judgment in their favor as follows:

1. A judgment awarding Sullivan and Peterik compensatory damages, in an amount to be determined at trial, for Sony's breach of the Agreement;

2. An order and judgment declaring that, pursuant to the Agreement, Sony is obligated to pay account to and pay royalties to Survivor equal to fifty percent (50%) of the net proceeds received by or credited to Sony derived from the use of Survivor Masters by providers of digital music downloads, digital music streaming and video streaming, and that such royalties are not subject to deduction for unsubstantiated promotion and marketing costs and expenses;

3. An order preliminarily enjoining Sony from discontinuing or suspending any accountings and royalty payments due to Survivor due the pendency of the litigation and enjoining Sony from terminating or suspending any license of the Survivor Masters to providers of digital music downloads, digital music streaming and video streaming, or taking any other action that would impair the access to Survivor Masters presently enjoyed by such providers;

4. An award of Sullivan's and Peterik's attorneys' fees and costs incurred in connection with this action;

5. Prejudgment and post-judgment interest; and

6. Such other relief as the Court deems appropriate.

Respectfully submitted,
/s/ Annette M. McGarry
Annette M. McGarry (#6205751)
  amm@mcgarryllc.com
Marianne C. Holzhall (#6204057)
  mch@mcgarryllc.com
McGarry & McGarry, LLC
120 North LaSalle Street, Suite 1100
Chicago, IL 60602
(312) 345-4600

Attorneys for Frank M. Sullivan, III and James Peterik